UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLISON, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00001-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**<br><br>21-DAY DEADLINE |

Travis Ray Thompson is incarcerated at Kern Valley State Prison. (Doc. 1 at 13.) He alleges that prison staff were deliberately indifferent to his health, causing him to contract COVID-19 on December 7, 2020. (*See id.* at 17-19.) Plaintiff has been "le[d] … to believe" that correctional officers either "deliberately contaminated his food … or solicited medical personnel to present a false positive in retaliation for litigation." (*Id.* at 17-18) Plaintiff admits that he failed to exhaust administrative remedies prior to filing suit. (*Id.* at 6-7.)

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534

U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **January 5, 2021**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE