UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLISON, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00001-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Travis Ray Thompson, a state prisoner proceeding *pro se*, initiated this action on December 28, 2020. (Doc. 1.) He alleges that prison guards "deliberately contaminated his food," causing him to contract COVID-19, or "solicited medical personnel to present a false positive in retaliation for litigation." (*Id.* at 17-18.) In his complaint, Plaintiff admits that he failed to exhaust administrative remedies prior to filing suit. (*See id.* at 18-19.)

Accordingly, on January 5, 2021, the Court issued an order to show cause why this action should not be dismissed for failure to exhaust. (Doc. 7.) Plaintiff filed a response on January 29, 2021. (Doc. 10.) Therein, Plaintiff argues that, given the length of time that it would take to pursue an administrative remedy, "the exhaustion of remedies rule does not apply because denial of immediate judicial relief would result in irreparable damage to Plaintiff's life or health." (*Id.* at 3-4.) This argument is unavailing. For the reasons set forth below, the Court recommends that this action be dismissed for failure to exhaust.

## I. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any … Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II. DISCUSSION

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Plaintiff contends that he meets an exception to the exhaustion requirement because, given the length of time it would take to exhaust administrative remedies, the "denial of immediate judicial relief would result in irreparable damage to Plaintiff's life or health." (Doc. 10 at 3-4.)

In support of his argument, Plaintiff cites *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010). (Doc. 10 at 4.) In *Fletcher,* the Seventh Circuit concluded that, "[i]f a prisoner has been placed in imminent danger of serious physical injury by an act that violates his constitutional rights, administrative remedies that offer no possible relief in time to prevent the imminent danger from becoming an actual harm can't be thought available." 623 F.3d at 1173. In such a situation, therefore, the prisoner would not be required to exhaust the "unavailable" remedy. *See id.* at 1173-74. For example, "[i]f it takes two weeks to exhaust a complaint that the

2

1  complainant is in danger of being killed tomorrow, there is no 'possibility of some relief' and so
2  nothing for the prisoner to exhaust." *Id.* at 1174.

3        Plaintiff's reliance on *Fletcher* is misplaced. First, the case was decided before the
4  Supreme Court case of *Ross v. Blake*, 136 S. Ct. 1850 (2016), and it is unclear whether an
5  "imminent-danger exception" to the exhaustion requirement exists in the Ninth Circuit, *see, e.g.*,
6  *Wilson v. California Dep't of Corr. & Rehab.*, No. 1:18-cv-01508-LJO-JLT, 2019 WL 2464946,
7  at *4 (E.D. Cal. 2019) ("'imminent danger exception' …. applicable only to determinations made
8  in response to motions to proceed in forma pauperis"); *Williams v. Bal*, No. 2:12-cv-01005-EFB,
9  2012 WL 2065051, at *2 (E.D. Cal. 2012) ("no authority supporting … 'imminent danger'
10 exception to the mandatory exhaustion requirement"); *Severson v. Igbinosa*, No. 1:10-cv-02217,
11 2011 WL 870895, at *3 (E.D. Cal. 2011) ("no exception to the exhaustion requirement for
12 imminent harm").

13       Second, assuming *arguendo* that an imminent-danger exception does exist, the exception
14 would not apply here. Plaintiff does not seek "relief to prevent [an] imminent danger from
15 becoming an actual harm." That is, in his complaint, Plaintiff does not allege that prison officials
16 or medical personnel are providing him inadequate treatment for COVID-19. Rather, he alleges
17 that the "conditions of [his] confinement illegally expose[d] him to contracting COVID-19,"
18 which he now has, and that the "failure to properly mitigate the risk of … contraction" violated
19 the Eighth Amendment. (Doc. 1 at 19.) Plaintiff also does not seem to fully believe that he has
20 COVID-19, since he alleges that medical personnel may have "present[ed] a false positive in
21 retaliation for litigation." (*Id.* at 18.) Thus, Plaintiff does not seek a remedy to prevent an
22 imminent, future harm; he seeks redress for past harm.

23       Third, the *Fletcher* court ultimately held that "the imminent-danger exception does not
24 excuse a prisoner from exhausting remedies tailored to imminent dangers." 623 F.3d at 1175.
25 California, like Illinois, "has created an emergency grievance procedure" *Id.* at 1174 (emphasis
26 removed); Cal. Code Regs. tit. 15, § 3483(a). Under California regulations, an official "assess[es]
27 each written grievance within one business day of receipt to determine if it contains any
28 information concerning personal safety, institutional security, or sexual misconduct." Cal. Code

1  Regs. tit. 15, § 3483(a). In cases where it does, the regulations require the official to "immediately
2  commence an appropriate response" and to notify the claimant "of the … course of action within
3  five business days." *Id.* Thereafter, CDCR must provide a written response within 60 days. *Id.*, §
4  3483(i).

5        Plaintiff complains that it may take up to two months to exhaust an emergency appeal.
6  (Doc. 10 at 3.) However, he has not filed a motion for a temporary restraining order or a
7  preliminary injunction in this case seeking immediately relief. This makes sense given that, as
8  explained above, Plaintiff is not seeking relief to prevent imminent harm, but rather redress for
9  past harms. Consequently, as the court in *Fletcher* noted, there is "no reason to think that the
10  prison's grievance procedure would take longer than judicial procedure." 623 F.3d at 1175. In
11  other words, it is highly unlikely that this case will reach a decision on the merits prior to the 60
12  days it would take to exhaust an administrative remedy.

13        The Supreme Court in *Ross v. Blake* did outline an exception to the exhaustion
14  requirement where administrative remedies are "unavailable." 136 S. Ct. at 1858-60. To be
15  "unavailable," the administrative process must (1) operate as a "simple dead end," (2) be so
16  "opaque" as to be "incapable of use," or (3) be thwarted by "prison administrators … through
17  machination, misrepresentation, or intimidations." *Id.* at 1859-60. Plaintiff does not show that
18  either of these situations apply. Rather, he complains that it may take two months to exhaust
19  administrative remedies, and he speculates that his appeal will ultimately be denied. (Doc. 10 at
20  2-4.) However, the Supreme Court has not recognized a "length-of-time" or "futility" exception
21  to the exhaustion requirement. *See Booth*, 532 U.S. at 741 n.6.

22        Plaintiff was required to exhaust his administrative remedies prior to initiating this action,
23  and he may not pursue this action because he failed to do so. "In reaching this conclusion, the
24  Court does not overlook the risks of COVID-19…. But the Court may not alter the mandatory
25  requirements of the PLRA for COVID-19 or any other special circumstance." *Nellson v.*
26  *Barnhart*, 454 F. Supp. 3d 1087, 1094 (D. Colo. 2020) (citing *Ross*, 136 S. Ct. at 1856-57).
27  ///
28  ///

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that this action be DISMISSED for failure to exhaust administrative remedies. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2021**              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE